CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 27 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:09CR00004 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| KATHY J. LILLY, | ) | |
| a/k/a "Kathy Blottenberger," | ) | |
| | ) | By:   B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple-count Indictment charging defendant in Count One with knowingly and intentionally distributing five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); in Count Two with knowingly and intentionally distributing five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); in Count Three with knowingly and intentionally distributing fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); in Count Four with knowingly and intentionally possessing with intent to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, also

known as crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

On April 23, 2009, a plea hearing was conducted before the undersigned. At the hearing, the defendant was placed under oath and testified that her full legal name is Kathy J. Lilly, she was born on February 28, 1960, and she has received some college education. The defendant stated that she can read, write, and understand the English language, and that she was fully aware of the nature of the charges against her and the consequence of pleading guilty to those charges. The defendant further testified that she was not under the influence of alcohol, medicine, or any drug, and that she had no physical or mental condition which impaired her ability to understand the nature of the proceedings being held. The defendant's counsel stated that she had no reservations as to the defendant's competency to enter a plea of guilty or the voluntariness of her participation in negotiating a plea agreement.

The defendant testified that she had received a copy of the Indictment, and that she had fully discussed the charges therein and any defenses thereto, and her case in general, with her counsel. The defendant stated that she was pleading guilty of her own free will because she was, in fact, guilty of the offense charged. The defendant also stated that, apart from the terms of the Plea Agreement entered into with the government, which was filed with the court, no one had made any representations or promises to her for leniency or a lighter sentence. Moreover, no one had made promises, assurances, threats or coerced her in any way in an effort to induce her plea or her execution of the Plea Agreement. The defendant testified that she understood that Count Four is a felony, and that if her plea is accepted, she will be adjudged guilty of that offense, and the government will move for dismissal of her from the remaining counts of the Indictment.

The defendant acknowledged that the maximum statutory penalty for Count Four is a $4,000,000 fine and/or imprisonment for a term of life, together with a term of supervised release. The defendant further acknowledged that there is a mandatory minimum sentence of ten years imprisonment. The defendant was informed that parole has been abolished, and that if she is sentenced to prison, she will not be released on parole, but on supervised release, a violation of which could result in additional incarceration. Finally, the defendant testified that she understood that she will be required to pay a special assessment of $100, she may be ordered to pay restitution, and her assets may be subject to forfeiture.

The defendant was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that the Sentencing Guidelines are no longer mandatory, but the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that she and her counsel had discussed how the Sentencing Guidelines might apply in her case. The defendant also testified that she understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the Guidelines. The defendant stated that she understood that the eventual sentence imposed may be different from any estimate her attorney had given her, or any recommendation by the government, and that the court has the authority to impose a sentence that is either higher or lower than that called for by the Guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty.

3

Case 5:09-cr-00004-GEC-BWC   Document 25   Filed 04/27/09   Page 3 of 8   Pageid#: 56

The defendant stated she knew that it had been stipulated that the 2008 edition of the United States Sentencing Guidelines Manual would be used and that all matters pertaining to the Indictment, including dismissed counts, were relevant conduct for purposes of sentencing. The defendant was informed that any information she gives during a proffer or cooperation will not be used against her to enhance her sentence pursuant to USSG § 1B1.8, but that the information could be used to show she was accepting responsibility. The defendant stated that she understood that, contingent upon her acceptance of responsibility, continued cooperation in the sentencing process, and fulfillment of her duties under the Plea Agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a), and, if applicable at sentencing, the government will move that she be given an additional one-level (1) reduction under USSG § 3E1.1(b). The defendant also stated she knew the government had agreed to recommend that she be sentenced within the applicable guidelines range. The defendant acknowledged she understood that even should she fully cooperate with law enforcement, the government is under no obligation to file a motion for substantial assistance, and if the government makes the motion, it is up to the court to determine how much of a departure, if any, should be made.

The defendant stated she had agreed to waive the presence of counsel at any future contact with government personnel, and that such contact could occur without prior approval of counsel. However, the defendant understood that, should she request counsel during the contact, such contact would be suspended until counsel was present or agreed the contact could continue. The defendant also testified that she was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or

4

prosecution of her case. The defendant was informed that, at the discretion of the court, she may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862(a), as set forth in the plea agreement. The defendant also acknowledged her consent to the abandonment, official use and/or destruction of anything seized by law enforcement during the investigation of her case. The defendant confirmed she had agreed to pay restitution for all matters included in her relevant conduct, and that she had agreed to pay any restitution due pursuant to 18 U.S.C. §§ 3663 and/or 3663A. The defendant acknowledged her agreement to make good faith efforts toward payment of any mandatory fines, assessments and restitution imposed, and that she would submit a financial statement, if called upon to do so, and would not convey anything of value without authorization from the government. The defendant understood that, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties imposed by the Court would be due immediately and subject to immediate enforcement. The defendant acknowledged that her agreement required full participation in inmate employment under any available or recommended programs operated by the Bureau of Prisons, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The defendant acknowledged that she was waiving her right to have a jury determine beyond a reasonable doubt the facts alleged in the Indictment, including any facts related to sentencing. The defendant testified that she understood that she had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if her guilty plea is accepted:

1. The right to plead not guilty and persist in that plea;
2. The right to a speedy and public jury trial;
3. The right to assistance of counsel at that trial and in any subsequent appeal;
4. The right to remain silent at trial;
5. The right to testify at trial;

5

6. The right to confront and cross-examine witnesses called by the government;
7. The right to present evidence and witnesses in her own behalf;
8. The right to compulsory process of the court;
9. The right to compel the attendance of witnesses at trial;
10. The right to be presumed innocent;
11. The right to a unanimous guilty verdict; and
12. The right to appeal a guilty verdict.

The defendant testified that she understood that, under the terms of the agreement, she was waiving rights to appeal or collaterally attack her conviction or sentence. The defendant stated she was aware that the government had retained its rights to appeal.

The defendant also testified that she understood that she may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm. The defendant stated that she was fully satisfied with the advice and representation given to her in this case by her counsel, and that counsel's representation had been effective. The defendant testified that she understood the possible consequences of her plea, and she asked the court to accept her plea of guilty to Count Four of the Indictment.

## THE GOVERNMENT'S EVIDENCE

The defendant waived her right to have the government's Factual Summary read in open court. The Factual Summary having been filed in open court, and the evidence presented therein regarding the offense charged is as follows:

The offenses described below occurred within the Western District of Virginia. This Statement of Facts briefly summarizes the facts and does not contain all of the information obtained during this investigation.

Beginning on or about October 2, 2008 and continuing until on or about December 5, 2008, a Virginia State Police Confidential Informant made three controlled purchases of crack cocaine (or

"cocaine base") from Kathy J. Lilly ("Lilly") and arranged another that culminated in Lilly's arrest.

On December 5, 2008, a fourth controlled purchase was scheduled with Lilly. Lilly had agreed to sell approximately two ounces of crack cocaine (56 grams) to the CI in the parking lot of a business in Clearbrook, Virginia. Lilly arrived at the business in Clearbrook with her source of supply, Matthew Pointer ("Pointer"). Lilly exited Pointer's vehicle and entered the business.

When the CI's vehicle arrived, Lilly entered the CI's vehicle. Officers arrested Lilly and recovered 54.7 grams of crack cocaine that she had hidden in her clothing.

After receiving *Miranda* warnings, Lilly made several statements regarding Pointer and admitted that she had intended to sell the crack found in her clothing to the CI on that occasion.

Lab results confirmed that the total amount of crack cocaine seized from Lilly on those four occasions was 146.636 grams.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of her plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Count Four of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

7

Case 5:09-cr-00004-GEC-BWC   Document 25   Filed 04/27/09   Page 7 of 8   Pageid#: 60

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count Four of the Indictment and adjudge her guilty of that offense. The undersigned DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for July 15, 2009 at 10:00 a.m. before the presiding District Judge in Harrisonburg.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

April 27, 2009
Date